## Leonard v. Houston

*Ira R. Hill*, for plaintiff.

*Fred C. Houston* and *A. W. Henderson*, for defendant.

MOORE, J., February 13, 1935.—In this action in assumpsit, defendant seeks a new trial, assigning seven claimed reasons in support of the same.

To plaintiff's statement of claim, defendant filed an affidavit of defense and a counterclaim, and the testimony was as to the status of the parties with regard to their respective businesses of general contractor and plastering contractor.

A matter incident to the trial and occurring beyond the record of the case, we think, requires the court of its own motion, in effect, to grant a new trial.

After receiving the verdict of the jury in favor of the

defendant and against the plaintiff in the sum of $1,385.50, a juror immediately came to the trial judge and asked if he could tell the court how the verdict was reached.

When, for the purpose of determining whether or not a conscionable verdict had been reached, the trial judge informed said juror he might make a statement as to the verdict, this juror declared in effect that the jury decided the defendant was "underdog" in the action and, accordingly, gave him the recovery he sought.

This situation was brought to the attention of counsel upon oral argument, whereupon plaintiff's counsel properly suggested the said expressed viewpoint might only have been that of the juror in question, and should not be accepted as generally expressive of the jury's viewpoint, without inquiry being made of the other jurors. Plaintiff's counsel further suggested the legal tenet that a juror cannot impeach his verdict by after-trial declaration concerning the same.

Defendant's counsel suggests a new trial should not be awarded for the reason that testimony of jurors after a verdict tending to invalidate it or impeach it has been held to be inadmissible in Pennsylvania, and by the weight of authority in other States.

In Stull v. Stull, 197 Pa. 243, in seeking a new trial, defendant assigned as one of the reasons the allegation that the jurors improperly arrived at a verdict by lottery or chance, and filed depositions in support of said claim. The court decided against the admissibility of such testimony designed to invalidate or impeach his verdict.

However, we do not have that precise situation before us in the instant case. The expression of the juror in question was made to the trial court immediately upon receipt of the verdict, and came with such spontaneity and manifest undesignedness as to convince us the verdict in the instant case was not a conscionable verdict and certainly not properly arrived at insofar as the juror in question was concerned.

Being so convinced, a new trial will be granted; this disposition of the case making unnecessary the consideration of the several assigned reasons in support of the motion for a new trial.